UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD MARSHALL | CIVIL ACTION |
| VERSUS | NO. 14-849 |
| ROBERT TANNER, WARDEN | SECTION "A"(2) |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This petition for a writ of habeas corpus under 28 U.S.C. § 2241 was re-referred to a United States Magistrate Judge for preparation of a supplemental report and recommendation addressing the petitioner's objections to the previously issued report and recommendation. Rec. Doc. No. 25.

On February 2, 2015, I issued a report and recommendation that Ronald Marshall's Section 2241 petition be dismissed without prejudice for failure to exhaust state required remedies. Marshall filed objections on February 18, 2015, in which he argues that he is not required to exhaust state remedies for the following reasons:

(1) Louisiana law provides that sentencing errors are not cognizable on post-conviction review, therefore he is procedurally precluded from seeking review of his claims in state court. Rec. Doc. No. 24, Objections, pp. 2-3.

(2) The Louisiana's Corrections Administrative Remedy Procedure ("CARP"), La. Rev. Stat. § 15:1171 et seq., does not govern review of his claim because he is not challenging his conditions of confinement, computation of sentence or parole, and he is not required to exhaust that process. Rec. Doc. No. 24, Objections, pp. 3-5.

(3)   The Louisiana First Circuit Court of Appeal held that, in the separate case of "State ex rel Richard Lay," venue for Lay's state petition for writ of habeas corpus was proper in the 20th Judicial District Court because Lay was housed in the Louisiana State Penitentiary in West Feliciana Parish. Rec. Doc. No. 24, Objections, pp. 5-6.

(4)   He exhausted state court remedies through a state petition for writ of habeas corpus filed in the 20th Judicial District Court, while he was housed in the Louisiana State Penitentiary in West Feliciana Parish, and subsequent applications for review in the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court, all of which were unsuccessful. Rec. Doc. Nos. 24, Objections, pp. 6-7; 24-1, Exhibit A (trial court order); 24-2, Exhibit B (circuit court order); 24-3, Exhibit C (state supreme court order).

Marshall concedes that he has failed to exhaust the state court requirements set forth in my initial report and recommendation. He specifically states that he "did not file an application for post conviction relief. . . ." Rec. Doc. No. 24, Objections, p. 3, ¶1. He also admits that he did not pursue the administrative process outlined in CARP, but argues that his case "does not fit under either statute because he is neither challenging a condition of confinement, computation of sentence or parole." Rec. Doc. No. 24, Objections, p. 3, ¶4.

The exhibits to Marshall's objections reflect that he was advised, if not instructed, by both the 20th Judicial District Court and the Louisiana First Circuit that he was required to seek post-conviction relief by means of an application for post-conviction relief in the parish in which he was convicted pursuant to La. Code Crim. P. art. 925 and/or a motion to correct an illegal sentence in the parish in which he was convicted.

2

See Rec. Doc. Nos. 24-1, Exhibit A; 24-2, Exhibit B (emphasis added). Disagreeing with these legal conclusions of the state courts, Marshall simply rejected their instructions on state law and opted not to properly pursue relief in the appropriate state trial court in Orleans Parish. His erroneous decision to ignore state law and proceed improperly through the wrong court path do not equate to proper exhaustion of available state remedies.

In addition, CARP by its very language applies to claims raised in a writ of habeas corpus and certainly to challenges to Louisiana statutes and Department of Corrections ("DOC") policies. The CARP procedure clearly applies to "<u>any and all complaints</u> and grievances by adult or juvenile offenders <u>against the state</u>, the governor, <u>the department or any officials or employees thereof</u>, . . . which arise <u>while an offender is within the custody or under the supervision of the department</u>. Such complaints and grievances include <u>but are not limited</u> to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and <u>by way of illustration</u> includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, <u>even though urged as a writ of habeas corpus</u>, or <u>challenges to rules, regulations, policies, or statutes</u>." La. Rev. Stat. § 15:1171(B) (emphasis added).

In this court, Marshall pursues (as he did in the wrong state court) an application for writ of habeas corpus in which he challenges the DOC's placement of him within its custody by means of a policy imposing hard labor restrictions on him as a multiple offender when he was sentenced before the statutory change in the habitual offender laws in 2010. His claim falls within the kinds of claims illustratively included in the language of the Louisiana statute quoted above.

Louisiana courts require review through the CARP procedures of any prisoner civil proceeding, even if captioned as a habeas corpus action, that challenges "the effects of actions by government officials on the lives of persons confined in prison," including challenges to the location of an inmate's confinement. See Peterson v. Ward, 823 So.2d 1146, 1148-49 (La. App. 2d Cir. 2002), writ denied, 865 So.2d 62 (2004) (petitioner's writ of habeas corpus challenging his transfer to and placement in a harsher prison facility is in the nature of a challenge to conditions of confinement and subject to CARP) (citing La. Rev. Stat. § 15:1181, § 15:1177-78, § 15:1188). While CARP does not apply to habeas challenges that seek "immediate or speedier release," its application goes beyond mere computation of sentence and includes the very type of challenge to the execution of a sentence brought here by Marshall. Peterson, 823 So.2d at 1149; see Roland v. Stalder, No. 2010-CA-0957, 2011 WL 1102843, at *2 (La. App. 1st Cir. 2011) (CARP appeal addressing, among other things, petitioner's claim that he was illegally placed in DOC facility rather than parish prison). Marshall is therefore required under

Louisiana law to exhaust the procedures set forth in CARP for his complaints related to his placement in a DOC facility and the effect of the DOC's execution of his sentence as one being served at hard labor.

Marshall has failed to exhaust available state court remedies. He is required to do so before proceeding in this court. 28 U.S.C. § 2254(b)(1)(A). Nothing in his objections changes my previous recommendation.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Ronald Marshall's objections (Rec. Doc. No. 24) to my initial Report and Recommendation (Rec. Doc. No. 23) be **OVERRULED** and his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust required state remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this __23rd__ day of March, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.